83    653
85    437
83    653
100   366

JOSEPH F. RICHARDSON ET AL. V. CHARLES W. RICH-
ARDSON, JR., ET AL.

*Accounting—Fraud—Bill in equity—Parties—Attorney and client.*

In this case it is held that the personal representatives of a deceased trustee, who received the fund in which complainants were interested, and of which they claim to have been defrauded, are necessary parties, and the case is remanded, with leave to complainants to join such representatives as defendants, and, after issue is joined, further proofs to be taken, those already taken to stand as proofs in the cause.

Appeal from Wayne. (Reilly, J.) Argued October 9, 1890. Decided December 24, 1890.

Bill for an accounting. Complainants, and defendants Richardson and George William Moore, appeal. Reversed, and cause remanded. The facts are stated in the opinion.

*James H. Pound* (*Turnbull & Dafoe*, of counsel), for complainants.

*J. C. Shields*, for defendant Richardson.

*Edwin Conely* (*Ashley Pond*, of counsel), for defendant George William Moore.

*George Whitney Moore*, defendant, *in pro. per.*

MORSE, J. Charles W. Richardson, of Alpena, in this State, died in that city on June 18, 1886, leaving property estimated at $1,000,000 in value. He left surviving him a widow, Diana Richardson, Arthur R., Allen, and George Richardson, brothers of the full blood, Melvina Leavitt, Frederick L., Frank, and Maude Richardson, children of Alfred Richardson, a deceased brother of full blood, Caroline Gage, and an heir of Clarinda Delano, sisters of full blood, and Eben, Joseph F., and Albert Richardson, half-brothers, and Miranda E. Emerson and Sylvia Prince, half-sisters, and Melvin, Alta, and George Prince, children of his half-sister, deceased, Mary J. Prince.

He left a will executed in Canada some 30 years before his death, in which he bequeathed all his estate to his wife, Diana. Soon after his death, it was determined by his brothers and sisters to contest this will, and for that purpose the brother George Richardson obtained a power of attorney from all the heirs, except the heir of the sister Clarinda Delano, whose whereabouts was not known, authorizing him to act as he might think best, with the understanding that each should contribute his or her share of expenses, and share equally in the division of the property secured, if any. The will was admitted to probate without any serious contest, and George Richardson set about perfecting papers for an appeal from the probate court to the circuit court of Alpena county.

He employed Moore & Moore, of Detroit, the defendants George William and George Whitney Moore, after the probate of said will, to attend to and manage the further proceedings.

On August 30, 1886, a settlement was effected by which the widow paid $120,000 to compromise the matter, and have the contest withdrawn. This settlement was closed at her house by George William Moore, acting for George Richardson and the other heirs; Judge R. J. Kelley of Alpena, being present, and acting as her attorney. Mrs. Richardson gave her check for about $9,000, and various notes of hers, payable to the order of George Richardson, amounting in all to $110,000; there being deducted from the $120,000 about $1,000 claimed to be owing from some of the heirs to her husband, and which claim George Richardson allowed. This check and the notes were turned over by George William Moore that night to George Richardson, except $15,000 or $20,000,—Moore says $15,000, and Kelley $20,000,—which were left in Mr. Kelley's hands as security until the Delano heir or heirs could be found, and a release secured. The next morning George Richardson gave to George William Moore three of these notes, each for $10,000, in payment of the services of Moore & Moore, the arrangement being that they should receive 25 per cent. of the amount realized from the contest of the will by the heirs. George Richardson at this time was sick in bed from an illness of which he never recovered; dying, October 14, 1886.

At the time this settlement was effected, Moore gave to Mrs. Richardson an assignment of all of George Richardson's interest in his brother's estate signed by said Richardson, and also an assignment of all the interest in the same estate of Arthur Richardson, Allen Richardson, Caroline Gage, Sylvia E. Prince, Albert Richardson, Miranda Emerson, Joseph Richardson, Melvin Prince,

Eben Richardson, Melvina Leavitt, Frederick L. Richardson, and Elizabeth E. Bailey, signed with their names "by George Richardson, their attorney in fact."

This bill is filed by the half brothers and sisters, and the children of the deceased half-sister, to recover their portion of the estate, out of which they allege they have been defrauded. The charge of fraud in the bill, in substance, is that the defendant Charles W. Richardson, Jr., acted in all things as the agent of George Richardson, his father, and was cognizant of all the doings of the latter in the premises; that, before the settlement, he, in anticipation of such settlement, fraudulently purchased half of the interest of Joseph and Albert Richardson in the estate, paying said Joseph $125, and to Albert, property of the value of not to exceed $250; that the fraud consisted in falsely representing to them that there was no chance of succeeding in the contest of the will; that, immediately after the settlement and payment of the $120,000 by Mrs. Richardson to George Richardson, the said George and said Charles W. Richardson, Jr., by their agent and the said George William Moore, came to each of the complainants residing in Alpena, to wit, Joseph F. and Albert Richardson, Miranda E. Emerson, Sylvia and Melvin Prince, and Levi Prince, father of said minors, George and Alta Prince, and falsely and fraudulently represented that Mrs. Diana Richardson had made a proposition to pay each of said half-blood brothers and sisters the sum of $1,500, and that was all she would pay them, and that they must take that or nothing, and that they must decide within one hour, and further represented that Charles W., Jr., was willing to settle for his half, that he had bought of Albert and Joseph, at $750 for each half; that Levi Prince, within said hour, went to said George Richardson and said Moore, and asked them both what was best to do about

accepting said offer, and received evasive replies from both of them, they saying "it was hard to tell," but both of them gave the said Prince to understand that the heirs had better accept the offer, and, relying upon the false and fraudulent statements aforesaid, and the fraudulent conduct of said George and Charles W. Richardson, Jr., and said Moore, they agreed to settle on said basis, and received from the said agent of George and Charles W. Richardson, Jr., and said George William Moore the following sums respectively: Sylvia Prince and Miranda E. Emerson, $1,500 each; Joseph F. and Albert Richardson, $750 each; Melvin Prince, $500; and Levi Prince, for said minors, George and Alta, $1,000,— all of them (said Levi Prince signing for said minors) giving a release of all their right, title, and interest in and to the estate of said Charles W. Richardson, deceased; that on September 3, 1886, said Moore went to the house of Eben Richardson, at Worcester, Mass., and showed him the releases signed by all the others, and made, in substance, the same representations to said Eben that he and said agent had made to all of the other complainants, and thereby induced said Eben to take $1,500 and release his interest; that none of them knew or were informed of the settlement, and, if they had known of it, they would not, any of them, have accepted of said sums or given the releases.

That Moore & Moore and said George and Charles W. Richardson, Jr., received $120,000 for said contesting heirs, to be divided equally; that there has been paid to the complainants not to exceed $8,000, and to the full-blood heirs, outside of George, not to exceed $37,500; that the balance remains in the possession and control of said first-named parties, of which $52,000 belongs to complainants; that Moore & Moore and the two said Richardsons entered

83 MICH.—41.

into a conspiracy to wrong and cheat complainants, and, in pursuance of the same, made the settlement with Diana, and received said amount into their possession, and then falsely concealed said settlement from complainants, and fraudulently represented to them that said Diana would only pay said half-blood brothers and sisters $1,500 each, and, if they did not accept, they would get nothing, and influenced them to accept such sum, when they were entitled to at least $7,500 each, and to sign releases, by which false representations, deceptions, and conduct they were defrauded out of $52,000, which said sum the said Richardsons and Moore & Moore have converted to their own use; that Moore & Moore are not entitled to any compensation by reason of their fraudulent conduct, and are liable to complainants for the full amount out of which they have been cheated; that Moore & Moore and Charles W. Richardson, Jr., have in their possession $60,000 belonging to complainants, which in equity they should pay over to complainants, and account to each for their portion due to them thereof; that George Richardson died, October 14, 1886, and that his estate has been settled up in the probate court of Alpena county.

The prayer is for an accounting and for general relief. The bill was filed in the circuit court for the county of Alpena, in chancery, January 11, 1887, and afterwards transferred to the Wayne circuit.

The defendant Charles W. Richardson, Jr., answered, denying any fraud in the purchase of the half interest in the shares of Albert and Joseph; denies that he acted as the agent of his father either in the contest of the will or the settlement; denies that he knew of such settlement until some time after it was made; avers that he knew nothing of the representations to the half-blood heirs to

induce them to release their interest; and denies any lot or part in the transaction, or any knowledge of the same, until after it was all done; denies any conspiracy upon his part, or any knowledge of any fraud upon the part of his father or Moore & Moore; denies that he has ever received, or has in his possession, any money coming from said settlement belonging to complainants, or any of them; prays benefit of demurrer in his answer on ground of want of equity in the bill.

George Whitney Moore denies any knowledge of, or any participation on his part in, any fraud upon the complainants.

George William Moore denies that he had any part in determining what the complainants should receive, or in any fraudulent representations or conduct inducing them to accept the said sum of $1,500 for each of their interests. Denies that Moore & Moore received any sum for or on behalf of the half-blood heirs, or have ever had in their hands any money belonging to them. He then sets out the circumstances of his employment, his participation in the settlement with Diana Richardson, his passing of the whole amount received from her over to George Richardson, and his payment and discharge by said George. Denies any conspiracy to defraud complainants; that he concealed said settlement from them; or that he fraudulently represented that Diana Richardson would only pay the half-blood heirs $1,500 each. Denies that he represented they would get nothing if they did not take that sum, or that he influenced any of them to take that amount. Denies that he individually, or jointly with any other person, cheated or defrauded complainants, or any of them, out of any sum of money whatever, or converted any money belonging to them to his own use. Claims that the bill is multifarious in that it alleges several distinct claims against one of the defendants, in

which it appears that he, the defendant George William Moore, has no interest, and in which only a portion of said complainants have any interest.

A singular thing about these pleadings is that although the testimony shows that Robert J. Kelley, the attorney of Diana Richardson, was the central figure in the transaction by which the releases of the complainants were obtained, his name is not found in the bill or any of the answers; but the "said agent" mentioned in the bill undoubtedly refers to him, as will be seen when the proofs are examined.

The circuit judge, Hon. C. J. Reilly, made a decree finding the fraud as alleged in the bill except as against George Whitney Moore, and ordered and adjudged that the defendants George William Moore and Charles W. Richardson, Jr., pay to said complainants the sum of $37,175, with interest from September 1, 1886, to April 1, 1890, amounting in all to $45,167.66. The bill was dismissed as against George Whitney Moore, with costs.

The defendants Richardson and George William Moore appeal, and the complainants appeal from that portion of the decree dismissing the bill as against George Whitney Moore.

We have examined the proofs, and find that a great fraud has been committed upon these complainants, by which they have been deprived of their rightful share of the money and notes received by George Richardson upon the settlement with Diana. We find, however, no fraud in the purchase of the half of the shares of Albert and Joseph Richardson by Charles W. Richardson, Jr. But it appears to us from all the facts in the case that the complainants should pursue the fund, and reach the same, if possible, received by George Richardson, and which he held in trust for complainants, and that his representatives are necessary parties to the bill, and that all the

parties engaged in the alleged fraudulent design to cheat them out of such notes and money should be made parties.

The decree of the circuit court, in chancery, for the county of Wayne, will be reversed, and the cause remanded to that court, with leave to complainants to add the parties referred to above, and, after said amended bill shall be at issue, further proofs may be taken by either party, the proofs already taken to stand as proofs in said cause. The defendants will recover costs of this Court.

The other Justices concurred.